UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.   CASE NO: 2:98-cr-127-FtM-29DNF

LUTHER LEON AUSTIN

### OPINION AND ORDER

This matter comes before the Court on defendant's letter motion to waive the interest part of the original restitution (Doc. #74) filed on April 3, 2018. The government filed a Response in Opposition (Doc. #76) on April 16, 2018. Defendant states that he has paid almost $7,000.00 more than the principal payment owed on restitution, and now seeks to waive the remaining interest part of the original restitution and for the government to accept the principal as paid in full with the $7,000 coming back to defendant.

On January 21, 2000, defendant was sentenced to a term of 198 months of imprisonment, a term of supervised release, and a restitution amount of $20,058.00 to NationsBank. (Doc. #30.) Defendant commenced his term of supervision on December 12, 2013, and it is expected to expire on December 12, 2018. (Doc. #72.)

On February 20, 2015, the Court found no authority to waive the remainder of restitution, and otherwise did not find a sufficient basis to do so. (Doc. #69.) At the time, defendant had only paid $9,229.44 of his total restitution with a remaining

principal balance of $10,928.56, and unpaid interest balance of $16,134.45 accruing at a rate of 6.287%. (Doc. #68, pp. 1-2.) On April 28, 2015, the Court also denied reconsideration as to the interest amount, and denied the request to waive the interest portion of the restitution obligation. (Doc. #71.) On December 2, 2015, the Court set restitution payments of $100 per month. (Doc. #72.)

Under 18 U.S.C. § 3612(f)(1), defendant is required to pay interest on any fine or restitution in an amount over $2,500. The failure to challenge the calculation of the restitution amount either before the trial court on direct appeal, and "failing to demonstrate the existence of exceptional circumstances that would excuse this failure," will result in a waiver of the right to object to the restitution amount, including the interest rate. Cani v. United States, 331 F.3d 1210, 1213–14 (11th Cir. 2003). The restitution obligation is statutory, and it was not waived by the Attorney General, or limited at the time the Judgment was issued in this case. United States v. Rostan, 565 F. App'x 798, 800 (11th Cir. 2014); 18 U.S.C. § 3573. Pursuant to 18 U.S.C. § 3664(k),

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the

>defendant's economic circumstances from the
>United States or from the victim.

18 U.S.C. § 3664(k). This allows the Court the ability to adjust the payment schedule, but not to waive restitution. As to interest amount only, the Court could have waived the requirement but only at the time of sentencing, not after restitution has been ordered. <u>United States v. Messier</u>, No. 3:05CR279JBA, 2007 WL 1821687, at *1 (D. Conn. June 25, 2007). The Attorney General has not found a change in economic circumstances, and therefore the motion will be denied.

Accordingly, it is hereby

**ORDERED:**

Defendant's letter motion to waive the interest part of the original restitution (Doc. #74) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __26th__ day of April, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record